# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**January 25, 2024**

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Shane Miller,**
**Petitioner Below, Petitioner**

**vs.)  No. 22-774 (Harrison County 19-C-160-3)**

**Donnie Ames, Superintendent,**
**Mount Olive Correctional Complex,**
**Respondent Below, Respondent.[1]**

## MEMORANDUM DECISION

Petitioner Shane Miller appeals the Circuit Court of Harrison County's September 28, 2022, order denying his petition for post-conviction habeas corpus relief.[2] Upon our review, we determine oral argument is unnecessary and that a memorandum decision is appropriate. *See* W. Va. R. App. P. 21(c). On appeal, petitioner alleges his attorney, Nancy Ulrich, provided ineffective assistance of counsel because she failed to assert a diminished capacity claim based upon petitioner's history of head injury and voluntary intoxication at the time of the crimes. Petitioner further argues that the court erred when it denied his claim of structural error, alleging that he instructed his attorney, Perry Jones, to appeal his probation revocation but Jones failed to do so.

In May 2012, petitioner was indicted for two counts of grand larceny, four counts of daytime burglary, one count of nighttime burglary, one count of first-degree robbery, and one count of conspiracy to commit first-degree robbery. In June 2012, petitioner pled guilty to second-degree robbery, grand larceny, and two counts of daytime burglary. After serving a year in jail and completing the Youthful Offenders Program at the Anthony Center, petitioner was placed on five years of probation. While on probation, petitioner was charged and convicted for first-degree murder and conspiracy to commit first-degree murder.

---

[1] At the time of the filing of petitioner's appeal, he was housed at Northern Correctional Facility, and Karen Pszczolkowski was listed as the respondent. Since the filing of his appeal, however, petitioner has been moved to Mount Olive Correctional Complex. The appropriate party has been substituted under Rule 41(c) of the West Virginia Rules of Appellate Procedure.

[2] Petitioner appears by counsel Jeremy B. Cooper. Respondent appears by Attorney General Patrick Morrisey and Assistant Attorney General Lara K. Bissett.

In March 2016, the State filed a petition to revoke petitioner's probation based upon the two felony convictions and other technical violations. Petitioner's counsel moved to dismiss the petition to revoke probation as untimely, and the circuit court denied this motion because petitioner suffered no prejudice from the State's delay in filing the petition to revoke. After a hearing, the court revoked petitioner's probation and sentenced him to consecutive terms of one to fifteen years for each count of daytime burglary, five to eighteen years in prison for second-degree robbery, and one to ten years for grand larceny. At the conclusion of the revocation hearing, the court informed petitioner of his right to appeal.

In June 2019, petitioner filed a petition for post-conviction habeas corpus relief alleging that his attorney, Nancy Ulrich, provided ineffective assistance of counsel by failing to investigate a diminished capacity defense prior to his guilty plea and failing to appeal the order revoking his probation. At the omnibus hearing, petitioner's trial attorney testified she was aware that petitioner suffered a head injury when he was seventeen years old and had a history of abusing controlled substances. Petitioner's attorney testified that "she was aware of the requirements to present a diminished capacity defense and based on her experience and time spent with [p]etitioner, he did not have a valid claim for diminished capacity." Petitioner's attorney did not request a diminished capacity evaluation because Ulrich never observed any behaviors that gave her reason to doubt whether petitioner was criminally responsible. Other than his own testimony, petitioner did not provide the court with any evidence to support his claim that he lacked criminal responsibility at the time he committed the crimes. Petitioner presented no expert testimony at the omnibus hearing to rebut Ulrich's testimony. Given the lack of evidence to support petitioner's claim of ineffective assistance, the court found petitioner did not meet his burden of proving that his trial counsel acted in an objectively unreasonable manner and denied habeas relief on this issue.

Petitioner also alleged he received ineffective assistance of counsel because he instructed his attorney, Perry Jones, to appeal the revocation of his probation, but counsel did not do so. On this point, petitioner's attorney "could not remember the exact contents of the conversation with [petitioner] regarding an appeal, but Jones was sure that at some point he did discuss with the [p]etitioner that there was not an appealable issue." The court found petitioner "also testified that he recalled having such a discussion with [his attorney] regarding an appeal." Although petitioner testified that he asked his attorney to appeal the probation revocation, the circuit court found petitioner presented no evidence to support this allegation. Over three years passed between the revocation of petitioner's probation and the filing of his petition for habeas corpus, and petitioner never informed the court of his desire to appeal or his attorney's alleged refusal to do so, even though he had contacted the court on other occasions "when he was unsatisfied with his court-appointed representation." Further, petitioner did not provide any documentary evidence to support his assertion that Jones had refused to file an appeal when requested to do so. Given a lack of credible evidence supporting petitioner's claim that he asked his attorney to appeal his probation revocation, the court denied habeas relief, holding that "[w]ithout instructions from the [p]etitioner to take an appeal," his attorney was not obliged to do so.

On appeal, petitioner claims the circuit court erred when it held petitioner did not receive ineffective assistance of counsel.

In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review

2

the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006). We have long held that

claims of ineffective assistance of counsel are to be governed by the two-prong test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, in part, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).

Relevant to petitioner's claim that his attorney failed to investigate a diminished capacity defense, we have held that a criminal defense attorney is obliged "to undertake reasonable pre-trial investigation of possible mental defenses where there are indications that a defendant suffers from a significant mental defect." Syl. Pt. 7, in part, *State ex rel. Vernatter v. Warden*, 207 W. Va. 11, 528 S.E.2d 207 (1999). To substantiate a diminished capacity defense, petitioner must "introduce expert testimony regarding a mental disease or defect that rendered the defendant incapable, at the time the crime was committed, of forming a mental state that is an element of the crime charged." Syl. Pt. 3, in part, *State v. Joseph*, 214 W. Va. 525, 590 S.E.2d 718 (2003), *accord State v. Simmons*, 172 W. Va. 590, 600, 309 S.E.2d 89, 99 (1983) (holding that "[t]he existence of a mental illness is not alone sufficient to trigger a diminished capacity defense. It must be shown by psychiatric testimony that some type of mental illness rendered the defendant incapable of forming the specific intent elements.").

In this case, petitioner presented no evidence at the omnibus hearing, other than his own self-serving testimony, that his attorney had reason to believe he had a diminished capacity. Petitioner did not present any expert testimony at the omnibus hearing, which was necessary to prove his claim of diminished capacity. Thus, we hold the court did not err when it ruled that petitioner's counsel was not ineffective in failing to seek an expert opinion on diminished capacity.

Petitioner also argues that his attorney provided ineffective assistance of counsel when he failed to appeal the revocation of his probation despite instructions from petitioner to file an appeal. In its order denying habeas relief, the circuit court rejected this claim because petitioner provided no evidence to support his assertion that he asked his attorney to appeal. Petitioner did not provide any evidence at the omnibus hearing, other than his own testimony, that he asked his attorney to appeal the probation revocation. Undermining the credibility of petitioner's stated desire to appeal, the circuit court found it relevant that there was "no record of the [p]etitioner having written directly to the Court regarding his desire to appeal and [his attorney's] alleged refusal to do so, as the [p]etitioner had previously done when he was unsatisfied with his court-appointed representation." Further, the court advised petitioner of his right to appeal at the conclusion of his revocation hearing, and petitioner waited over three years to raise this issue in a petition for habeas corpus, which impairs his self-serving claim that he desired to appeal the probation revocation.

In a case such as this, where petitioner did not instruct his attorney to file an appeal, "the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent question: whether counsel in fact consulted with the defendant about an appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). The court found that counsel did consult with petitioner about an appeal and advised him there were no appealable issues. Because petitioner did not request his attorney to file an appeal, and there were no appealable issues, counsel did not perform in a professionally unreasonable manner. *See id.*

Considering the circumstances in this case, petitioner failed to prove a reasonable probability that petitioner would have timely appealed his probation revocation but for his attorney's deficient performance. Thus, we conclude that the court did not err when it found that petitioner failed to prove he reasonably demonstrated to counsel that he was interested in appealing the revocation of his probation, and we hold the court did not err when it denied habeas relief on this issue.

For the reasons stated above, this Court finds no error in its denial of habeas relief, and affirms the September 28, 2022, final order of the Circuit Court of Harrison County.

Affirmed.

**ISSUED:** January 25, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

4